John THRASHER, Plaintiff-Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a corporation, Defendant-Appellee.

No. 83–7662
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

Charles C. Pinckney, Birmingham, Ala., for plaintiff-appellant.

Kenneth H. Weldon, Ralph Bland, Cullman, Ala., for State Farm Fire and Cas. Co.

Before HENDERSON, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

In this insurance coverage dispute, we review the district court's order granting partial summary judgment against appellant, John Thrasher. We affirm.

### Facts

Prior to April 2, 1981, appellee, State Farm Fire and Casualty Company (State Farm), issued a homeowner's insurance policy to Billy Joe Bartlett. In February, 1981, appellant, John Thrasher, had his furniture and household goods delivered to Bartlett's home. On April 2, 1981, Bartlett's home was destroyed by fire, and Thrasher's furniture and household items were also destroyed in the fire. Thrasher filed a sworn proof of loss statement with State Farm. Bartlett brought suit against State Farm in an effort to recover under the relevant policy.

A few months later, Thrasher filed a motion to intervene in Bartlett's suit which was pending in an Alabama state court. State Farm and Bartlett each filed a motion to dismiss Thrasher's motion to intervene. On January 8, 1982, the Alabama state court denied Thrasher's motion to intervene.

On February 16, 1982, Bartlett settled his claim against State Farm. After Bartlett and State Farm each filed a motion for dismissal, the state court dismissed the case with prejudice.

On February 17, 1982, Thrasher filed a two-count complaint in federal district court. In Count I of his complaint, Thrasher alleged, among other things, that on April 2, 1981, under the terms of the insurance policy issued by State Farm to Bartlett, the furniture and household goods owned by Thrasher were insured against loss by fire. Thrasher further alleged that he had filed his sworn proof of loss statement with State Farm and that State Farm had not honored his claim. Thus, Thrasher demanded judgment against the insurance company.

On January 17, 1983, State Farm filed a motion for summary judgment which was granted by the district court.

As for Count II of the complaint, the district court dismissed the action against Bartlett. The court based its dismissal ruling on the fact that Bartlett had filed a voluntary petition in bankruptcy which operated as a stay of the case pursuant to 11 U.S.C.A. § 362(a) (West 1979). Thrasher appeals the district court's order granting summary judgment in favor of State Farm as to Count I of the complaint.

### Issue

The sole issue before us is whether the district court's order granting summary judgment in favor of State Farm was properly entered.

### Discussion

 An order granting summary judgment must be independently reviewed by this court. *Morrison v. Washington County, Alabama,* 700 F.2d 678 (11th Cir. 1983). In reviewing the grant of summary judgment, the question is whether any genuine issue of material fact exists. Fed.R. Civ.P. 56(c). When examining a decision granting or denying summary judgment, this court applies the same legal standards as those that control the district court in determining whether summary judgment is appropriate. *Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir.1981).

 The party seeking summary judgment bears the burden of demonstrating that no genuine dispute exists as to any material fact in the case. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County, Georgia,* 684 F.2d 1365 (11th Cir.1982). We, therefore, must determine whether appellee, State Farm, has met its burden.

When determining whether the movant has met its burden, courts should review the evidence and all factual inferences therefrom in a light most favorable to the party opposing the motion. *Adickes,* 398 U.S. at 157, 90 S.Ct. at 1608; *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026 (5th Cir. Unit B 1982).

■ Moreover, all reasonable doubts about the facts should be resolved in favor of the nonmovant. *Casey Enterprises v. Am. Hardware Mutual Insurance Co.,* 655 F.2d 598, 602 (5th Cir.1981). If reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Impossible Electronics Techniques, Inc.,* 669 F.2d at 1031; *Croley v. Matson Navigation Co.,* 434 F.2d 73, 75 (5th Cir.1970).

■ Thrasher contends that coverage existed under the insurance policy by virtue of the policy's language that "[w]e cover personal property owned or used by any insured while it is anywhere in the world." Thrasher's reliance on this language is misplaced inasmuch as the language is taken out of context.

Prior to the fire in question, State Farm issued a policy of insurance to Bartlett which provided, in pertinent part, as follows:

> We cover personal property owned or used by any insured while it is anywhere in the world. *At your request, we will cover personal property owned by others while the property is on part of the residence premises occupied exclusively by any insured.* In addition, we will cover at your request, personal property owned by a guest or a residence employee, while the property is in any residence occupied by any insured. [Emphasis added.]

Thrasher claims that his furniture was covered under the terms of this policy provision. We do not agree. The policy expressly states that as a condition prerequisite to coverage, the insured, Bartlett, must request that the personal property of another be covered under the policy. This provision guarantees that before liability attaches, the named insured must give the insurance company notice of the insured's desire to have another's property covered under the policy. This notice provides the insurance company with the opportunity to adjust the policy's premiums accordingly.

Thrasher concedes that the named insured, Bartlett, never requested that State Farm insure Thrasher's furniture and household goods. Thrasher does not contend that he is an insured or a loss payee within the meaning of the relevant insurance policy.

After reviewing the evidence and all factual inferences therefrom in a light most favorable to Thrasher, we conclude that no genuine issue exists as to any material fact in this case. The facts reveal that the named insured did not request that its insurance policy cover Thrasher's personal property; said request is a prerequisite to coverage. Based on these facts, we hold that no genuine issue exists as to any material fact and that State Farm is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ We have considered Thrasher's other claim that he may maintain an action against State Farm even though not a party to the contract of insurance. We find it unpersuasive. Accordingly, we affirm the district court's order granting appellee, State Farm, partial summary judgment.

AFFIRMED.