763 F.2d 1322
 38 Fair Empl.Prac.Cas. 545,
38 Empl. Prac. Dec. P 35,669, 1 A.D. Cases 756
 Robert Morris SMITH, Plaintiff-Appellant,
v.
E.R. CHRISTIAN, Individually, and in his representative
capacity as Commander of the Medical Services Corps. of the
United States Navy and Department of the Navy, an Executive
Agency of the United States, Defendants-Appellees.
 No. 83-5826
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 June 24, 1985.
 Clark D. Mervis, U.S. Atty., Marc Fagelson, Linda Collins-Hertz, Asst. U.S. Attys., Alexandria, Va., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before VANCE, HENDERSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 I. FACTS
 
 1
 Appellant, Robert Morris Smith, applied for a commission as an officer in the United States Naval Reserve, Medical Service Corps., on March 16, 1980. In conjunction with his application for reserve officer status, appellant applied for entry into the Armed Forces Health Professions Scholarship Program in Clinical Psychology.[1] Acceptance into the program would have resulted in appellant receiving a commission as an ensign in the Navy Medical Service Corps. See 10 U.S.C. Sec. 2120.
 
 
 2
 As an applicant for reserve officer status in the scholarship program, appellant underwent a military physical examination at the Armed Forces Examining and Entrance Station. Following the physical examination, appellant was notified that because he was missing his right index finger, he was not qualified for military duty as a commissioned naval officer. The disqualification resulted from the physical standards for service promulgated by the Secretary of the Navy in the Manual of the Medical Department, United States Navy.
 
 
 3
 Appellant's inability to meet the Navy's physical standards was confirmed by the Chief of the Navy's Bureau of Medicine and Surgery. Following his rejection, appellant sought congressional intervention. Subsequently, he filed a complaint with the Department of Labor alleging discrimination in hiring because of his physical handicap claiming a violation of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794.
 
 
 4
 The Surgeon General of the Navy responded to the congressional inquiries that were received. He advised plaintiff through his congressmen and senators that if he resubmitted his application for commissioning, his physical qualifications would be reviewed. The Surgeon General stated that following this review, a waiver recommendation would be made if "indicated." By this time, however, the deadline for applications for the program had expired and the program was no longer available to applicants. Thus, when the plaintiff resubmitted his application, he was again advised that he could not be accepted for the program.
 
 
 5
 In early 1981, the Department of Labor concluded that it had no jurisdiction over the discrimination complaint filed by the plaintiff and forwarded his complaint to the Commander of the United States Navy's Recruiting Command. The Recruiting Commander responded as follows:
 
 
 6
 The Navy Recruiting Command's inquiry into the facts clearly establishes that the program was not available when Mr. Smith submitted his application. The resubmission was an administrative error, as the application should have been rejected outright.
 
 
 7
 The Navy sincerely apologizes for not properly ruling on this matter at the outset, ....
 
 
 8
 In August of 1981, appellant filed a complaint in federal court seeking money damages from E.R. Christian,[2] Commander of the Medical Service Corps. of the United States Navy in his individual and representative capacity, and from the United States Navy. The complaint alleged that Mr. Smith was discriminated against on the basis of a physical handicap in violation of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. The defendants filed a motion for summary judgment. After oral argument on the motion, the district court entered summary judgment in favor of the appellees. 573 F.Supp. 1361. This appeal followed. The question before this court is whether the district court erred in granting summary judgment to the appellees on the basis that the Rehabilitation Act of 1973 does not prevent the United States from establishing physical qualifications for Naval Officers. Our standard for review is whether the district court was correct as a matter of law in entering summary judgment in favor of the appellees. Thrasher v. State Farm Fire and Casualty Co., 734 F.2d 637 (11th Cir.1984).
 
 II. THE LEGAL ISSUE IN CONTEXT
 
 9
 The decision to reject appellant's application was based on the physical standards established in the Manual of the Medical Department of the United States Navy. At the time Smith sought a Naval Commission, Paragraph 15-6 of the Manual provided:
 
 
 10
 15-6. Physical Standards for Entrance into the Naval Service
 
 
 11
 (1) Articles 15-8 through 15-28 set forth the physical standards for entrance into the naval services, except the physical standards for enlistment which are set forth in article 15-30. Where the standards differ for different groups of personnel as in male and female, Regular and Reserve, Navy and Marine Corps, the differences will be noted under the particular system or in separate articles in this chapter. In addition to the statement of the standard, there is included under each system a list of causes for rejection and where indicated, a brief resume of the method for conducting the examination. The lists for causes for rejection are not intended to be complete, but a representative. A specific cause for rejection as listed is usually to be considered disqualifying while such condition persists.....
 
 15-13. (2) provided:
 
 12
 (2) Upper Extremities. --The following are causes for rejection (also art. 15-13(4)):
 
 
 13
 ....
 
 
 14
 (b) Hands and fingers:
 
 
 15
 ....
 
 
 16
 (2) Absence (or loss) of distal and middle phalanx of index, middle, or ring finger of either hand irrespective of the absence (or loss) of little finger, ....
 
 
 17
 Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. Sec. 794 provides, in pertinent part, as follows:
 
 
 18
 No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of its handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by an Executive agency or by the United States Postal Service.
 
 
 19
 The district court concluded that section 504 of the Rehabilitation Act did not rescind or alter the authority of the Secretary of the Navy to establish physical standards for reserve officer applicants, and that "... the specific authority in 10 U.S.C. Secs. 591(b) and 5579(a) must take precedence over the general guidelines of the Rehabilitation Act of 1973 on the subject of physical qualifications for commissioned officers of the Naval Reserve."[3]
 
 
 20
 The applicable rules and regulations promulgated by the Secretary of the Navy pursuant to Title 10 of the United States Code have been mentioned previously. At the time appellant sought admission into the Medical Health Professions Health Scholarship Program, the Manual of the Medical Department of the United States Navy provided an exhaustive description of the physical standards for entrance into the Naval services, including a list of specific causes for rejection. One of the specific causes for rejection is the absence or loss of an index, middle or ring finger of either hand. Appellant has no right index finger.
 
 
 21
 As the district court correctly noted, the Congress has given the Executive Branch wide latitude in determining who may be commissioned as a Medical Service Corps. officer in the Naval Reserve or in the military generally. Obviously, this authority includes the ability to set physical standards.
 
 
 22
 Under the applicable rules of statutory construction, "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1930). Furthermore, "where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of an actment." Morton v. Mancari, 417 U.S. 535, 550-51, 94 S.Ct. 2474, 2482-83, 41 L.Ed.2d 290 (1974). Therefore, as to the question of physical qualification for commissioned officers of the Naval Reserve, the specific authority in 10 U.S.C. Sec. 591(b) and 5579(a) must take precedence over the general guidelines of the Rehabilitation Act.
 
 
 23
 This conclusion is underscored by the fact that the Department of Defense has enacted regulations pursuant to the Rehabilitation Act in order to prohibit discrimination based on handicap in programs and activities disbursed and conducted by the Department of Defense. See 32 C.F.R. Sec. 56.1 (1984). 32 C.F.R. Sec. 56.7 (1984) contains an extensive and exhaustive list of Department of Defense activities subject to the Rehabilitation Act. This list, however, omits mention of any program related to the procurement of military personnel.
 
 
 24
 Therefore, we agree with the district court, at least as to the issue involved in this case, that Congress did not intend to withdraw its grant of authority to the Navy to establish physical qualifications for the program in question by enacting the Rehabilitation Act. See generally Johnson v. Alexander, 572 F.2d 1219, 1224 (8th Cir.1978).
 
 The judgment of the district court is
 
 25
 AFFIRMED.
 
 
 
 [1]
 This program has not been offered by the Navy since April of 1980. At the time, it was a competitive program with over 20 applications made for only eight vacancies
 
 
 [2]
 E.R. Christian was subsequently dismissed voluntarily in his individual capacity
 
 
 [3]
 10 U.S.C. Sec. 591 provides, in pertinent part, that the Secretary of the Navy
 ... shall prescribe physical, moral, professional, and age qualifications for the appointment of persons as reserves of the armed forces under his jurisdiction.
 10 U.S.C. Sec. 5579(a) provides:
 Under such regulations as the Secretary of the Navy prescribes, original appointments to the active list of the Navy and the Medical Service Corps. may be made from persons who--
 (1) Are at least 21 and under 32 years of age and
 (2) Have physical, mental, moral, and professional qualifications satisfactory to the Secretary.