**BORG–WARNER ACCEPTANCE CORP., Plaintiff-Appellant,**

v.

**C. Welborn DAVIS, Board of Commissioners of Washington County, Janie L. Bryan, Dwayne McDonald, United States of America, et al., Defendants-Appellees.**

No. 86–8212.

United States Court of Appeals, Eleventh Circuit.

Dec. 4, 1986.

Glenn A. Delk, Patricia H. Blumberg, Atlanta, Ga., for plaintiff-appellant.

Frank L. Butler, III, Macon, Ga., for United States of America.

Hubert C. Lovein, Jr., Macon, Ga., for Bryan & Bd. of Comrs.

Before HILL and FAY, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

In this contract dispute, we review the district court's orders granting summary judgment against appellant, Borg-Warner Acceptance Corp. ("BWAC"). We affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

BWAC, an Illinois corporation, is engaged in the business of financing the sale of farm equipment. On May 5, 1980, BWAC entered into a Retail Finance Agreement with defendant C. Welborn Davis ("Davis") wherein BWAC agreed to finance the sale of equipment by Davis. On July 17, 1980, Davis as sole proprietor of Davis Tractor Co., sold some items of farm equipment to defendant Dwayne McDonald ("McDonald"), which was financed under the terms of a Retail Installment Contract. Pursuant to the terms and conditions of this contract the "[b]uyer acknowledges that Seller is not the Borg-Warner Acceptance Corporation agent for receipt of payments ... and Buyer bears all responsibility for payments reaching [BWAC]."

McDonald granted a security interest in the farm equipment to Davis which was subsequently assigned to BWAC. BWAC perfected its security interest in the equipment on July 30, 1980, by filing a financing statement with the Clerk of the Superior Court of Washington County, Georgia. Defendant Janie L. Bryan ("Bryan") is the Clerk of that court.

On February 11, 1981, the United States, through the Farmers Home Administration ("FmHA"), advanced $74,560.00 to McDonald and his wife in the form of a loan to refinance the farm equipment purchased from Davis. The loan funds were deposited at defendant George D. Warthen Bank in a supervised account. McDonald entered into a security agreement with the FmHA covering the farm equipment. On February 12, 1981, a financing statement was filed with Clerk Bryan evidencing the security interest of the FmHA. The next day a check drawn on the supervised account, signed by McDonald and countersigned by an FmHA employee, was delivered to Davis in the amount of $74,462.55. The check was made payable to Davis Trac-

tor Co. The record reflects Davis understood that this check represented "full payment of debt created by the 'Retail Installment Contract.'" After transmitting the check to Davis, McDonald made no further payments to BWAC on the debt originating from the Retail Installment Contract. Davis admitted in his affidavit that he did not remit the portion representing full payment on the account to BWAC. Davis went on to state, however, that he had received payments on behalf of BWAC in the past, and that BWAC had accepted these payments.

■ On April 1, 1981, Davis executed a termination statement, allegedly on behalf of BWAC, and presented it to the Clerk's office for filing. The termination statement filed was signed "Borg-Warner Acc. Corp. by: C. Welborn Davis, Dlr." Subsequently, the FmHA received the original financing statement filed July 30, 1980 marked "Satisfied and Cancelled of Record." On August 17, 1983, BWAC filed suit advancing various tort and contract theories against Defendants Davis, McDonald, the FmHA, the Board of Commissioners of Washington County, Georgia, Bryan and the George D. Warthen Bank.[1] The district court entered a default judgment against Davis in the amount of $83,-370.19 plus interest, attorney's fees and court costs. The court granted McDonald's Motion for Summary Judgment finding that Davis had the apparent authority to accept McDonald's payment thereby estopping BWAC from denying the existence of Davis' authority. The court also granted the Motion for Summary Judgment filed on behalf of Bryan and the Board of Commissioners. In response to BWAC's request for declaratory relief, the court found the security interest held by the United States, through the FmHA, had priority since BWAC's security interest had been extin-

guished. BWAC appeals the district court's order granting summary judgment in favor of McDonald, the Board of Commissioners and Bryan.[2]

## DISCUSSION

An order granting summary judgment should be entered when the moving party has sustained the burden of demonstrating the absence of a genuine issue of material fact viewing the evidence in the light most favorable to the opposing party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Morrison v. Washington County*, 700 F.2d 678, 682 (11th Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); F.R. Civ.P. 56(c). This court uses the same legal standards when independently reviewing the district court's order granting summary judgment. *Thrasher v. State Farm Fire and Casualty Co.*, 734 F.2d 637, 638 (11th Cir.1984), *Morrison*, 700 F.2d at 682. Reasonable doubts as to the facts should be resolved in favor of the nonmoving party. *Thrasher*, 734 F.2d at 639 (citation omitted). Furthermore, the court should deny summary judgment if reasonable minds could differ on the factual inferences drawn from the undisputed facts. *Id.* (citations omitted). In light of the record before us, we conclude that the district court erred in granting summary judgment on the basis of apparent authority.

■ Under Georgia law, apparent authority of an agent is created as to a third person by a course of dealing and conduct of the principal which, reasonably interpreted, induces the third person to believe that the agent has certain authority. *Home Materials, Inc. v. Auto Owners Insurance Co.*, 250 Ga. 599, 601, 300 S.E.2d 139, 141 (Ga.1983). A principal will be estopped from denying the agent's authority if a third person has relied upon the appar-

1. George D. Warthen Bank is a nominal party acting merely as a depository for the funds and as such must remain until the issues are finally resolved.

2. We affirm the district court's order granting summary judgment in favor of Bryan and the

Board of Commissioners. Appellants claim that the clerk was negligent in filing the termination statement signed by Davis on behalf of BWAC has no foundation and is frivolous. We find no law that imposes a duty on a court clerk to establish a signatory's authority.

ent authority conferred upon the agent by the principal. *Id.* at 142. It is insufficient, as a matter of law, to find that an agency relationship exists when the evidence shows either that an agency was assumed, or that an inference was drawn based on a purported agent's actions. *Hinely v. Barrow,* 313 S.E.2d 739, 741 (Ga.Ct.App.1984) (citations omitted).

■ In the face of this record, we have no recourse but to vacate the summary judgment order and remand for further proceedings. There is nothing in the record indicating that McDonald knew Davis could accept monies in trust for BWAC. Apparent agency cannot be created unless the record establishes that BWAC, by its course of dealings or conduct, held Davis out to be its agent for receipt of payments and that McDonald relied on this representation. This record reveals that a clause in the Retail Installment Contract entered into by Davis and McDonald expressly states to the contrary. The pertinent clause set forth that Davis was not an agent of BWAC for the purposes of receipt of payment and purchaser McDonald was to bear all responsibility for payments reaching BWAC. This, of course, is contrary to the clause in the Retail Financing Agreement entered into by Davis and BWAC that seemed to expressly authorize Davis to receive payment in trust for BWAC. However, the two clauses may not be totally inconsistent. BWAC may have authorized Davis to accept some funds on its behalf but not others. The record is silent in this regard. Although appellees urge us to uphold the summary judgment on the ground that actual agency existed, the record is not developed to the point that we can rule on this point as a matter of law. There are simply too many voids in the facts.

■ There is nothing in the record to show whether McDonald made payments to Davis prior to issuing the check on February 13, 1981. It appears that the check remitted by McDonald to Davis in the amount of $74,462.55 represents a total payoff of the debt owed on the Retail Installment Contract. Counsel in their briefs and arguments made vague references to some other possible payments on this contract but the record reveals nothing as to any made prior to the payoff of February 13, 1981. McDonald may have had earlier dealings with Davis but we know nothing. McDonald may have known of other customers making payments to BWAC through Davis but again no information is revealed. McDonald may have assumed or inferred that Davis was authorized to accept payment but such assumptions or inferences are insufficient to establish an apparent agency relationship. *Hinely,* 313 S.E.2d at 741. This record simply fails to establish any course of conduct upon which to bottom apparent agency or any knowledge to McDonald of such dealing.

Concluding that there is no record support for the theory relied upon by the district court and that no viable alternative is available, we vacate the order granting summary judgment in favor of McDonald and remand for further proceedings. Because the order granting the FmHA priority in the security interest on the farm equipment in question is contingent upon the outcome on remand the order granting declaratory relief in favor of the United States must be vacated.

## CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED in part, REVERSED in part and REMANDED to the district court.