Charles **DUDLEY**, Plaintiff,

v.

**CITY OF MACON, et al., Defendants.**

Civ. A. No. 84–382–1–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 5, 1988.

M. Linda Mabry, Macon, Ga., for plaintiff.

W. Warren Plowden, Jr., Macon, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

During a pretrial conference in the above-captioned case, questions were raised regarding the court's order of December 8, 1987, specifically, the court's denial of defendants' motion for summary judgment on plaintiff's procedural due process claim. Defendants requested that the court reconsider on motion for partial summary judgment this narrow issue, and the court agreed. Plaintiff submitted certain information which the court has read and considered.

On August 13, 1982, plaintiff Charles Dudley, an off-duty police officer employed by the Macon Police Department, was observed travelling at a high rate of speed by an officer of the Jones County Sheriff's Department. After plaintiff was stopped by the officer, he admitted having consumed alcohol. Plaintiff was taken to the Jones County Sheriff's Department where he registered .14 on an intoximeter. Plaintiff was cited for driving under the influence of alcohol ("DUI"); he was not cited for speeding.

On September 15, 1982, plaintiff was given written notice of suspension pending discharge. Identified upon the notice were the following reasons for the disciplinary action:

Violation of Personnel Administrative Guideline # 807, Section II(C)(12), which prohibits criminal conduct prejudicial to the City and violation of Personnel Administrative Guideline # 807, Section II(C)(11), violation of departmental rules, MPD Policy # 6, Section 1.16 regarding

use of alcohol off-duty, and Section 2.02 which requires that you immediately report anytime you are arrested to [the proper individual]....[1]

The notice informed plaintiff of his right to respond to the charges.

On September 21, 1982, the disciplinary action taken on September 15, 1982, was affirmed. Disciplinary appeal hearings were held on October 28, 1982, and November 8, 1982. The hearing officer issued his recommendation on November 15, 1982, in which he found plaintiff "guilty as charged" and sustained the discharge effective the first day of the suspension. Both the Director of Personnel and the Mayor reviewed and affirmed the decision.

On November 22, 1983, the DUI charge against plaintiff Dudley was dismissed. By letter dated December 5, 1983, plaintiff notified Mayor Israel that the DUI charge had been dismissed. By memorandum dated December 2, 1983, Mayor Israel requested the advice of certain officials regarding plaintiff's situation. Specifically, defendant Israel directed those officials to determine if *"new* evidence has been brought to light ... which would indicate that we should rehear his case." *See* Plaintiff's Supplemental Pleading of January 21, 1988 (Exhibit 3). Plaintiff was neither informed of nor participated in this alleged meeting.

## Discussion

The due process clause provides that an individual may not be deprived of property rights except pursuant to constitutionally adequate procedures. *See Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Before examining the adequacy of the procedures, however, the court must first determine the existence of a property interest. *Glenn v. Newman,* 614 F.2d 467, 471 (5th Cir.1980),[2] citing *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). For due process purposes, an individual's interest in a benefit is a "property" interest when rules or mutually explicit understandings which he may invoke at a hearing support his claim of entitlement. *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570, 580 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972).

Plaintiff does not contest the adequacy of the procedures leading to his termination. Rather, he contends that he had a property right to "reinstatement" when the criminal charge was disposed of in his favor. Plaintiff argues that reinstatement is among the "broad range of [property] interests that are secured by 'existing rules or understandings.'" *Perry,* 408 U.S. at 601, 92 S.Ct. at 2699, 33 L.Ed.2d at 580, quoting *Roth,* 408 U.S. at 577, 92 S.Ct. at

1. The relevant Personnel Administrative Guidelines and departmental rules are as follows:
   (1) Personnel Administrative Guideline No. 807, Section II(C)(11) and (12)
   Section II—Disciplinary Action
   C. Disciplinary action may be taken for any recognizable offense against the employer-employee relationship. Causes for adverse action run the entire gamut of offenses against this relationship, including inadequate performance of duties and improper conduct on or off the job. The following are some of the reasons which might be cause for disciplinary action:
   11. Violations of the City charter, City ordinances, personnel rules and regulations or department rules;
   12. Criminal, infamous, dishonest, immoral or notoriously disgraceful conduct or other conduct prejudicial to the City....
   (2) Macon Police Department Policy No. 6, Section 1.16 and Section 2.02
   1.16 *Use of Alcohol Off Duty*

Officers, while off duty, shall refrain from consuming intoxicating beverages to the extent that it results in impairment, intoxication, or obnoxious or offensive behavior which discredits them or the Department, or renders the officers unfit to report for their next tour of duty.
2.02 *Internally Originated Allegations*
A. *Reporting*
1. Any officer who is arrested, charged by accusation, bound over or indicted shall immediately report that information by memorandum to the Chief of Police through proper channels. The Chief shall take appropriate action in accordance with City Guideline 807, Employee Conduct and Discipline, Section VII.

2. In *Bonner v. Pritchard,* 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

2709, 33 L.Ed. at 561. As the source of this property right, plaintiff relies upon Section VII(F) of the Personnel Administrative Guidelines No. 807, which reads as follows:

> If the criminal charges are disposed of in favor of the employee, he/she shall be reinstated with back-pay from the date of suspension less any compensation received from any other source during the period of suspension.

Plaintiff buttresses his argument by reference to Mayor Israel's letter of December 23, 1982, wherein the Mayor indicates to plaintiff that he will order the case reheard if *"new* evidence is uncovered." See Plaintiff's Supplemental Pleading of January 21, 1988 (Exhibit 1) (emphasis in letter).

█ Assuming without deciding that, under certain circumstances, reinstatement may be a property right implicating the due process clause, the court determines that under these facts plaintiff does not have a property right to reinstatement. Plaintiff contends that Section VII(F) is a "rule" which creates for an employee a right to reinstatement upon the dismissal of criminal charges. Plaintiff may be correct; however, defendant points out that plaintiff was terminated pursuant to Section VII(B), which provides for the institution of disciplinary action and the discharge of an employee "if the conduct resulting in the criminal charges is also an offense against the employment relationship with the City...." Mayor Israel emphasized in his letter of December 23, 1982, that at the heart of this situation was the violation of the employee-employer relationship. Section VII(B) makes no mention of reinstatement. Thus, based upon the applicable rule, Section VII(B), plaintiff does not have a property interest in reinstatement.

Plaintiff identifies as an alternate source for his property interest Mayor Israel's letter, which plaintiff contends constitutes a mutually explicit understanding that the case would be reheard if new evidence having a bearing on the city's decision was uncovered. Plaintiff alleges that both the dismissal of the charge against Dudley and Dudley's letter so informing the Mayor constitute new evidence of a kind sufficient to require a reinstatement hearing.

Several Fifth Circuit and Eleventh Circuit cases are instructive on the creation of mutually explicit understandings. *See Hatcher v. Board of Public Education and Orphanage,* 809 F.2d 1546 (11th Cir. 1987); *Gosney v. Sonora Independent School Dist.,* 603 F.2d 522 (5th Cir.1979); *Stapp v. Avoyelles Parish School Board,* 545 F.2d 527 (5th Cir.1977). In *Gosney,* a property interest was established through legally binding board minutes expressly stating that the petitioner would be rehired. In *Stapp,* the property interest was established through a letter of intent received by the petitioner from the superintendent indicating that the petitioner would be re-employed by the school system once he conveyed his intention to continue in the position. In each case, the courts emphasized the need for actions creating a legitimate, non-subjective claim of entitlement, not an iron-clad contract capable of enforcement. *See Gosney,* 603 F.2d at 525; *Stapp,* 545 F.2d at 533. Applying the same standard, the Eleventh Circuit in *Hatcher* found that neither a school board policy permitting but not requiring the superintendent to circumvent certain hiring practices nor the superintendent's "vague assurances" to place displaced principals in administrative positions gave rise to a mutually explicit understanding that certain principals would be placed in comparable administrative positions. *Hatcher,* 809 F.2d at 1549.

█ Having examined carefully Mayor Israel's letter, this court determines that such letter did create a legitimate, non-subjective claim of entitlement. However, the court further finds that such claim of entitlement was a conditional one. The relevant portion of Mayor Israel's letter reads as follows:

> I am, however, aware that evidence could be forthcoming from future proceedings. If new evidence is uncovered that could

influence the decision of the Chief, Hearing Officer or Personnel director, I shall order your case reheard through the Disciplinary Hearing Process beginning with the Department Head. I do emphasize the need for *new* evidence that will throw a new light upon your case and the charges brought against you by the department. I emphasize this because at the heart of this case is the employee-employer relationship which has clearly been violated, thus eroding trust and there is, as I stated, a difference in guilt or innocence of criminal charges in the court system and guilt or innocence in breach of the employee-employer relationship.

(emphasis in original).

■ The court finds it clear from this letter that reinstatement would be considered and a new hearing held only if new evidence surfaced which cast light upon plaintiff's breach of the employee-employer relationship. Mayor Israel carefully differentiated the nature of the criminal charges and the nature of the city's charges. Plaintiff's "new evidence" consisted of notice that the criminal charge had been dismissed. The charge was dismissed because certain evidence was suppressed, not because of an adjudication of innocence.[3] This evidence does not cast new light upon the underlying conduct which formed the basis for plaintiff's dismissal. Thus, the evidence is not of the type alluded to by the Mayor, and the existence of such evidence does not trigger a reinstatement hearing. The court concludes, then, that though Mayor Israel's letter did create a mutually explicit understanding giving plaintiff a legitimate claim of entitlement, such property interest was conditioned upon the occurrence of certain factors expressly identified in the instrument creating the claim. Since those conditions failed to occur, plaintiff's property interest in a reinstatement hearing never ripened.

Rule 56(c) mandates the entry of summary judgment, upon motion, against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of any element essential to his case and upon which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Movant may discharge this burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275. The court, however, must review the evidence and all factual inferences in the light most favorable to the non-movant. *Thrasher v. State Farm Fire Casualty Co.*, 734 F.2d 637, 638 (11th Cir.1984).

A due process claim depends upon the existence of a property right. *See Hatcher*, 809 F.2d at 1549. Finding that plaintiff Dudley has failed to establish the existence of a property right to reinstatement, this court hereby GRANTS defendants' motion for partial summary judgment on plaintiff's due process claim. The court notes that its previous order of December 8, 1987, is not vacated but merely modified to reflect the above ruling. Further, the court notes that it has made no findings regarding either the motivations for or the propriety of certain decisions made by defendants. Plaintiff may pursue those issues at trial in both his Title VII and substantive due process claims.

■

---

**3.** At a pretrial conference with court reporter present, counsel represented to the court that the intoximeter test results had been suppressed because the Jones County officer had no probable cause to stop plaintiff Dudley's vehicle.