**In re Shrader Robert MILLER, Debtor.**

**Shrader Robert MILLER, Plaintiff,**

**v.**

**Barbara A. WILLETT, f/k/a Barbara W. Miller, and Mark Freund, as Trustee in Bankruptcy, Defendants.**

**Bankruptcy No. 91–00351.
Adv. No. 91–9054.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

May 4, 1993.

Dennis J. Stilger, Louisville, KY, for plaintiff.

Karen K. Specie, Gainesville, FL, for defendants.

Mark Freund, Trustee.

## ORDER DENYING PARTIES' MOTIONS FOR SUMMARY JUDGMENT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE came on before the Court upon the parties' respective motions for summary judgment. The Court, having heard oral argument of counsel and reviewed pleadings, memoranda of law and related documents submitted in the cause, determines that material questions of fact remain unresolved, and therefore, denies both parties' motions for summary judgment.

The dispute before the Court in this adversary proceeding involves the dischargeability of a $75,000 obligation arising from the dissolution of a marriage between the litigants. After a fifteen year marriage, the parties obtained a divorce from a Kentucky state circuit court in May 1989. The terms of a separation agreement incorporated by reference in the court's order dissolving the marriage provided, in part, for a payment by the debtor in the aggregate of $75,000 "as a complete and final property division payable over a ten (10) year period." The agreement specifically called for the accrual of interest at a 10% per annum rate until the entire balance was paid with monthly payments of $625 beginning March 1, 1989. At issue in the case is the proper characterization of this obligation: If the obligation is "actually in the nature of alimony, maintenance, or support", then the obligation is nondischargeable under § 523(a)(5). If not, then the obligation is dischargeable under the general discharge provisions of § 727.

Summary judgment is a procedural device used to avoid an unnecessary trial by allowing a court to dispose a case in those situations where the pleadings, depositions, answers to interrogatories, admissions and affidavits are sufficient to eliminate any genuine issue of material fact. *In re D'Avignon*, 25 B.R. 838, 840 (Bankr. D.Vt.1982). An order granting summary judgment should be entered only when the moving party has sustained the burden of demonstrating the absence of a genuine issue of material fact viewing the evidence in the light most favorable to the opposing party. *Borg–Warner Acceptance Corp. v. Davis*, 804 F.2d 1580, 1583 (11th Cir.1986). Reasonable doubts as to the facts should be resolved in favor of the non-moving party. *Id.* Moreover, a motion for summary judgment should be denied if reasonable minds could differ on the factual inferences drawn from the undisputed facts. *Id.* In addition to a showing of an absence of genuine issue as to a material fact, the moving party must also demonstrate that it is entitled to judgment as a matter of law. *Combs v. King*, 764 F.2d 818, 826 (11th Cir.1985). Evaluating the documentation submitted in this case in light of this authority, the Court cannot find either party is entitled to summary judgment as a matter of law.

Despite the efforts of both sides to present and argue the facts of the case within the context of summary judgment motions, each party has raised an interesting point of law. For her part, the former wife asserts that the dissolution decree's labelling of the obligation as property division is the result of the application of Kentucky state statutory law. Kentucky allows for "additional" spousal maintenance only when it can be shown that the division of marital assets is insufficient to provide for reasonable needs and appropriate em-

ployment either provides inadequate support or is unreasonable due to circumstances involved with raising and caring for children. Ky.Rev.Stat.Ann. § 403.200 (Baldwin 1992). The Defendant argues that even those provisions labelled as property division must be construed in the nature of alimony, maintenance and support given the operation of the Kentucky statute.

■ While the Kentucky statute clearly muddles the distinctions between property division and alimony, it is of no consequence to this Court for the question of whether or not an obligation is dischargeable under § 523(a)(5) is one of federal law, not state law. *In re Gianakas*, 917 F.2d 759, 762 (3rd Cir.1990). A federal court may find a particular obligation to be in the nature of alimony, maintenance and support even if under applicable state law the same obligation would conclusively be found to be property division. *In re Yeates* 807 F.2d 874, 878 (10th Cir.1986). Accordingly, this Court must evaluate the evidence in light of established federal criteria in making a determination of the nature of the obligation in question.[1]

■ This is not to say that state law is to be completely ignored in making a § 523(a)(5) dischargeability determination. A court may consider whether a party has an obligation under state law to provide support to a former spouse in making its determination. *Yeates*, 807 F.2d at 878. State law, however, does not control the outcome in these cases. *Id.* The Defen-

dant therefore is not entitled to judgment as a matter of law based on the characterization of the obligation by applicable Kentucky law.

■ The Debtor takes the position that the Defendant is judicially estopped from asserting the obligation is in the nature of alimony, maintenance and support by her statements to the contrary in earlier state court proceedings. The Debtor cites several instances wherein the Defendant characterized the $75,000 obligation as property division including a deposition and several affidavits and pleadings submitted in a civil contempt proceeding brought by the Defendant for support arrearage.

■ Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process by achieving success on one position, then arguing the opposite to suit an exigency of the moment. *Teledyne Industries, Inc. v. N.R.L.B.*, 911 F.2d 1214, 1218 (6th Cir.1990). The doctrine forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. *Id.*, 911 F.2d at 1217. In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court. *Id.*, 911 F.2d at 1218. Judicial estoppel should be cautiously applied to avoid impinging upon the truth-seeking function of the court because the doctrine precludes the contradictory statement without inves-

---

1. Numerous bankruptcy courts have identified factors which may be appropriately considered in determining the nature of an obligation pursuant to § 523(a)(5). *See, e.g., Matter of Coverdale*, 65 B.R. 126, 129 (Bankr.M.D.Fla.1986); *In re Hill*, 133 B.R. 126, 135 (Bankr.N.D.Ind.1989); *Matter of Burch*, 100 B.R. 585, 589 (Bankr. M.D.Fla.1989). Some of these factors include:
    1) the duration of the marriage;
    2) the standard of living of the parties during the marriage;
    3) whether there are minor children involved in the marriage requiring support;
    4) the financial resources of each spouse, including income from employment or elsewhere;
    5) whether the obligation balances disparate incomes of the parties;

    6) the age, health, educational level, skill, earning capacity and other resources of the respective parties;
    7) whether an obligation for support or maintenance also exists;
    8) whether there was a need for support at the time of the decree;
    9) whether the support award would have been inadequate without the obligation in question;
    10) whether the payments are made periodically over an extended period of time or in a lump sum;
    11) whether the parties had a division of property and allocation of debts; and
    12) whether the payments are contingent and terminate upon the parties' remarriage or death.

tigating the truth of either statement. *Id.* Limiting the doctrine allows the parties to contradict themselves, however contradictory statements generally threaten only the integrity of the parties, not the court. *Id.* Federal courts instead rely upon impeachment during cross-examination to deter parties from contradicting prior statements. *Id.*

In this case the Debtor's argument is fatally flawed in that he has failed to satisfy the elements necessary to invoke judicial estoppel. In short, the Debtor has failed to demonstrate that any of the conflicting statements were ever relied upon by the state court in any material respect when making its civil contempt determination. Indeed, it appears from the Debtor's submissions that the contradictory statements as to nature of the obligation in question were largely irrelevant to the state court's determination in the contempt proceeding. Therefore the doctrine of judicial estoppel is unavailable to the Debtor as a matter of law and summary judgment should be denied.

The balance of the parties' motions for summary judgment attempt to persuade the Court that no genuine issue of material fact remains. To the contrary, the Court is convinced neither party has demonstrated the absence of genuine issue of material fact when considering the evidence in the light most favorable to the opposing party. When reasonable minds could draw differing inferences from the evidence, a motion for summary judgment should be denied. Accordingly, it is

ORDERED AND ADJUDGED that each parties' motion for summary judgment be, and hereby is denied.

DONE AND ORDERED.