Horace L. DURHAM, Plaintiff,

v.

LITHONIA LIGHTING, Defendant.

Civ. A. No. 85–247–1–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

March 8, 1988.

Horace Lee Durham, Cochran, Ga., pro se.

Alston & Bird, Alexander E. Wilson, III, Forrest W. Hunter, Atlanta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

This matter is before the court on defendant Lithonia Lighting's ("Lithonia") second motion for summary judgment. The *pro se* plaintiff, a black male who has embraced the Hebrew religion, alleges that, in violation of Title VII of the Civil Rights Act of 1964, Lithonia refused to hire him because of his religion. Defendant submits that plaintiff has failed to establish a *prima facie* case of religious discrimination. Defendant further submits that even if plaintiff has established a *prima facie* case, plaintiff is unable to rebut defendant's evidence that its decisions were not based on religious factors.

### Findings of Fact

1. Plaintiff Horace L. Durham completed applications for employment at Lithonia on both February 7, 1984, and January 14, 1985. Lithonia's employment application form does not request information concerning any applicant's religion. Neither of the two forms completed by plaintiff contained any request for information regarding or any reference to plaintiff's religion.

2. Mr. Larry Reeves was employed as Personnel Manager for Lithonia Lighting at its Cochran, Georgia plant for both the six years prior to and at the commencement of this lawsuit. Mr. Reeves is in charge of all hiring. Mr. Lewis Ward held the position of Plant Manager during the relevant time period; he was not involved in hiring production employees at the Cochran, Georgia plant during that time.

3. Plaintiff brought a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 13, 1984. Such charge was brought in a timely fashion. In its determination issued on or about May 31, 1985, the EEOC found no reasonable cause to believe that defendant had refused to hire plaintiff because of his religious convictions.

4. Plaintiff proceeding *pro se* filed the complaint in this action on July 18, 1985.

5. Plaintiff in his deposition admitted that he cannot recall ever having a job interview at Lithonia. Plaintiff further admitted that he has never discussed his religion with anyone employed either in supervision or in management with Lithonia.

6. Neither Personnel Manager Larry Reeves nor Plant Manager Lewis Ward had knowledge of plaintiff's religious convictions until they were so informed pursuant to plaintiff's filing of an EEOC complaint.

7. Lithonia has a written equal employment opportunity policy which prohibits the company from basing personnel decisions upon an applicant's religion. Defendant Lithonia also has a company policy of not hiring individuals who have been convicted of a felony within the seven years preceding the application. Mr. Reeves, in his affidavit, states that he had never knowingly hired an individual who has been convicted of a felony within the seven-year time period preceding his or her application.

8. Plaintiff indicated on his application and confirmed in his deposition that he had pled guilty to a felony charge of aggravated assault in 1981. Plaintiff has presented no evidence of individuals similarly situated who have been hired by defendant.

### Conclusions of Law

1. This court has jurisdiction over this case pursuant to Section 706(f)(3) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 20000e–5(f)(3).

2. Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and ad-

missions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

3. Rule 56(c) mandates the entry of summary judgment, upon motion, against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of any element essential to his case and upon which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Movant may discharge this burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275. The court, however, must review the evidence and all factual inferences in the light most favorable to the non-movant. *Thrasher v. State Farm Fire Casualty Co.,* 734 F.2d 637, 638 (11th Cir.1984).

■ 4. Section 706(e) of Title VII, 42 U.S.C. § 2000e-5(e), requires an aggrieved party to file a charge of discrimination with the EEOC within one hundred and eighty days from the date upon which the alleged unlawful employment practice occurred. A party's noncompliance with this statutory requirement bars action in a federal court unless such noncompliance is excused by waiver, estoppel or equitable tolling. *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (in *Zipes* the requirement was held to be similar in nature to a statute of limitations).

5. The burden of proof in a Title VII case is upon the plaintiff to establish a *prima facie* case of discrimination. To establish a *prima facie* case for religious discrimination, plaintiff must document the following: (1) plaintiff belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he holds a *bona fide* religious belief and he communicated this belief to defendant; (4) he was rejected despite his qualifications; and (5) after plaintiff's rejection, the position remained open and defendant sought applicants from persons approximating complainant's qualifications. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668, 677 (1973); *Byrd v. Johnson,* 31 FEP 1651 (D.D.C.1983); *Kureshy v. City University of New York,* 561 F.Supp. 1098 (E.D.N.Y.1983).

6. Once plaintiff has proved by a preponderance of the evidence a *prima facie* case of discrimination, the burden of production shifts to defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. If defendant meets this burden, plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by defendant were in fact a pretext for discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590 (11th Cir.1987); *Byrd v. Johnson, supra, c.f. Palmer v. Dist. Bd. of Trustees of St. Petersburg,* 748 F.2d 595 (11th Cir.1984) (not only must plaintiff make out *prima facie* case for discrimination, but also he must rebut legitimate, nondiscriminatory reasons articulated by defendant).

7. A litigant proceeding *pro se* is entitled to special consideration by the court. *Griffith v. Wainwright,* 772 F.2d 822, 825 n. 6 (11th Cir.1985).

## Analysis

Plaintiff has satisfied the initial statutory hurdle necessary to bringing this Title VII action; he has filed a charge of discrimination with the EEOC. The EEOC found no reasonable cause to believe that plaintiff had been refused employment because of his religion.

■ However, plaintiff's claim fails because he is unable to establish a *prima facie* case for religious discrimination. First, plaintiff was not qualified for the position. Plaintiff admitted both on his application and in his deposition that he had pled guilty to a felony charge of aggravated assault in 1981. Plaintiff completed applications for employment at Lithonia in 1984 and in 1985. Clearly, at the time of plaintiff's applications, he was not qualified

for employment at Lithonia because of that company's "seven-year felony rule."

Second, plaintiff fails to establish a *prima facie* case because he at no time informed defendant of his religion. Plaintiff relies on a type of "community notice" concept in an attempt to establish this element. Plaintiff contends that he was notorious within the area because of his propensity for riding on a bicycle emblazoned with "Hebrew designs." Further, plaintiff contends that he was sarcastically referred to in the community as Moses, a "Hebrew" leader.

Plaintiff's perception of his notoriety in the community does not suffice. Both Mr. Reeves and Mr. Ward stated in their affidavits that they had no knowledge of plaintiff's religion until receiving the EEOC complaint. In *Byrd v. Johnson, supra,* the court refused to find religious discrimination where a black attorney professing to be a Christian alleged discrimination against the Commodities Futures Trading Commission. Plaintiff in that case alleged that he had been rejected because the Commission preferred persons of the Jewish faith. The court ruled against him because he failed to show that the Commission was aware of his religious convictions. Likewise, this court determines that plaintiff Durham's failure to show that Lithonia was aware of his faith precludes this action. Defendant could not have discriminated against plaintiff unless it had knowledge of his professed religion.[1]

Finally, assuming for the moment that plaintiff could establish a *prima facie* case, defendant has presented evidence of a legitimate, non-discriminatory basis for its actions. Defendant did not hire plaintiff because of his felony conviction. Plaintiff has made no showing that defendant used this requirement as a pretext. Indeed, since defendant was not aware of plaintiff's religion, defendant had no motive to utilize such a pretext.

Though summary judgment is generally an inappropriate tool for resolving claims of employment discrimination, plaintiff's evidence in this case is particularly weak. *See Grigsby,* 821 F.2d at 595. Having considered plaintiff's pleadings in the deferential manner appropriate in light of his *pro se* status, this court determines that plaintiff simply cannot establish a *prima facie* case for religious discrimination. Even assuming that plaintiff did so establish, defendant has articulated a legitimate, non-discriminatory justification for its employment decision which plaintiff is unable to reduce to a pretext.[2] Therefore, defendant's motion for summary judgment is GRANTED.

SO ORDERED.

---

**1.** This lack of knowledge negates any probative value that might be accorded to plaintiff's submitted statements regarding the religious make-up of Lithonia's workforce. These statements provided circumstantial evidence that prompted this court to deny defendant's initial motion for summary judgment. Plaintiff's deposition, verifying his failure to inform defendant of his religion, was taken on October 15, 1986. The order of this court denying defendant's first motion was dated August 28, 1986.

**2.** By letter dated January 25, 1988, this court notified plaintiff of the pending summary judgment motion and encouraged him to respond. The court's letter informed plaintiff both of the meaning of summary judgment and of the results of plaintiff's failure to respond. Despite such notice, plaintiff did not respond.