**Steven I. KOTZEN and National Patient Aids, Inc., Defendants-Appellants,**

v.

**Sam J. LEVINE and Marian P. Levine, Plaintiffs-Appellees.**

**No. 81–5549**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 11, 1982.

Chansen & Chansen, Andrew M. Chansen, Fort Lauderdale, Fla., for defendants-appellants.

Lewis S. Kimler, Peter Weintraub, Deerfield Beach, Fla., for plaintiffs-appellees.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Sam and Marian Levine sued Steven Kotzen and National Patient Aids, Inc., to recover on certain promissory notes. The district court, sitting with a jury, found that under Florida Statutes Annotated § 201.08 the notes were unenforceable unless taxes due on the notes were paid. Since plaintiffs presented no evidence that the taxes had been paid, the court granted defendants' motion for a directed verdict, made at the end of plaintiffs' case in chief,[1] and dismissed the suit without prejudice. Defendants appeal, asserting that the dismissal should have been with prejudice. They did not object below to the court's action. Assuming that they preserved this issue for appeal, we find their contentions without merit.

 Dismissal without prejudice on a motion for a directed verdict is, admittedly, extremely rare. Cases and commentators make clear, however, that a court receiving a motion for a directed verdict under Fed.R. Civ.P. 50(a) may deny that motion and instead permit plaintiff voluntarily to have his claim dismissed without prejudice under Fed.R.Civ.P. 41(a)(2). *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947); Advisory Comm. Notes on 1963 Amendments to Rule 41; 5 & 5A J. Moore & J. Lucas, *Moore's Federal Practice* § 41.05[1], at 41–61—41–62, § 50.63[1], at 50–43 (1982); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 253, at 585 (1971); *cf. Safeway Stores v. Fannan*, 308 F.2d 94, 99 (9th Cir. 1962) (court receiving motion under Rule 50(a) may dismiss without prejudice under

Rule 41(b).[2] Although the district court here styled its ruling as a directed verdict, we treat it, according to its actual effect, as permitting plaintiffs to dismiss without prejudice under Rule 41(a)(2).[3] We will reverse only for abuse of discretion; that discretion must be guided by "the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice *other than the mere prospect of a second law suit.* It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (quoting 2 Barron & Holtzoff, *Federal Practice and Procedure* § 912 (Wright ed.) (emphasis added)); *accord, LeCompte v. Mr. Chips, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976); *Holiday Queenland Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974).

We find no abuse of discretion. Dismissal here was because of a technical failure of proof, a situation in which the Supreme Court has noted that action such as the district court took is proper. *Cone, supra*, 330 U.S. at 217, 67 S.Ct. at 755. Defendants have not suggested that there was any prejudice to them, and we can find none.

The judgment of the district court is AFFIRMED.

---

1. Defendants actually made a motion for involuntary dismissal under Fed.R.Civ.P. 41(b). The court orally granted that motion. The court styled its written order, however, as a grant of a motion for a directed verdict, correctly reflecting that Rule 41(b), by its explicit language, is inapplicable in jury trials.

2. At the time *Safeway Stores* was issued, Rule 41(b) could be applied to both jury and non-jury cases. *See Weissinger v. United States*, 423 F.2d 795, 797 (5th Cir. 1970) (en banc); 9 Wright & Miller, *supra*, § 2371, at 218. In 1963 the rule was amended to limit its application only to non-jury cases.

3. Under the circumstances at issue here, the court may act sua sponte to dismiss under Rule 41(a)(2). It need not await a motion from the plaintiff to permit voluntary dismissal without prejudice. *See* 9 Wright & Miller, *supra*, § 2533, at 585 ("[T]he court has discretion, on its own motion, to grant a dismissal without prejudice."). Since the alternative to the court's action would be a directed verdict against plaintiffs on the merits, we assume that plaintiffs agree with the dismissal without prejudice.