**In re AAA MACHINE COMPANY, INC., Debtor.**

**EQUILEASE CORPORATION, a New York Corporation, Plaintiff,**

v.

**AAA MACHINE COMPANY, INC., and James B. McCracken, Trustee, Defendants.**

**Bankruptcy No. 83–00059–BKC–SMW. Adv. No. 83–0243–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

May 27, 1983.

324

Reggie David Sanger, Fort Lauderdale, Fla., for trustee.

Myrna D. Bricker, Miami, Fla., for plaintiff.

Robert Schatzman, Coral Gables, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause coming on to be heard upon a Complaint for Relief from Stay filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The plaintiff, Equilease Corporation (Equilease) has filed this adversary proceeding seeking relief from stay to repossess two pieces of equipment held in debtor's possession pursuant to two alleged lease agreements. The plaintiff contends that the equipment is held by the debtor pursuant to 'true leases' and wishes to enforce the terms of said 'leases' to regain possession of the equipment. The trustee contends that the so called lease agreements are no more than disguised security agreements and as such the documents evidencing the agreements were not properly perfected since no excise tax was paid in connection with their recording. Whether agreements are true leases or security agreements is to be determined by the facts of each case. See Fla.Stat. § 671.201(37), *In Re Mountain Carpet, Inc.,* 11 B.R. 729 (Bkrtcy.D.Vt.1979) and *In Re Dunn Bros., Inc.,* 16 B.R. 42 (Bkrtcy.W.D.Va.1981). Most courts look to a combination of factors to make such a determination. One of the most often applied factors and one specifically addressed by the applicable section of the Uniform Commercial Code (U.C.C.) is whether an option to purchase is included with the agreement. Florida has adopted the U.C.C. and Fla.Stat. § 671.201(37) states as follows:

> Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

In the case at bar a prepaid option to purchase was executed along with each 'lease' agreement. One of the issues before the court is whether the consideration paid for the exercise of the options was nominal. Several tests have to be applied in making this determination.

The "economic realities" test as set forth in J. White and R. Summers, *Uniform Commercial Code,* § 22-3 at 881 (2d Ed.1980) states that: "If at the end of the term [of

the lease], the only economically sensible course for the lessee is to exercise the option to purchase the property, then the agreement is a security agreement." See *Percival Construction Co. v. Miller and Miller Auctioneers,* 532 F.2d 166 (10 Cir.1976), *In Re International Plastics, Inc.,* 18 B.R. 583 (Bkrtcy.D.Kan.1982) and *In Re Dunn Bros. Inc.,* 16 B.R. 42 at 45 (Bkrtcy.W.D.Va. 1981).

■ Some courts have adopted a second test examining the relationship of the option price to the original purchase price or the list price and hold that if the option price is less than 25% of the original purchase price or the list price then the consideration is regarded as nominal. See *In Re International Plastics, Inc.,* at 586 (original purchase price) and *In Re Mountain Carpet, Inc.,* 11 B.R. 729 at 732 (Bkrtcy.D.Vt.1979) (list price). This court accepts and adopts such a rationale.

Finally, some courts have compared the option price to the fair market value of the equipment at the time the option is exercised. See *Matter of Fashion Optical, Ltd.,* 653 F.2d 1385 (10 Cir.1981), *In Re Boling,* 13 B.R. 39 (Bkrtcy.D.Tenn.1981) and *In Re International Plastics, Inc.,* 18 B.R. 583 (Bkrtcy.D.Kan.1982) discussing this method.

■ In the case at bar the option price is 10% of the original equipment cost and thus fails the above cited 25% test. The Court finds from the evidence presented and considering the total sum of 'lease payments' to be made that the only economically sensible course for the 'lessee' to take at the end of the term would be to exercise the option. Having made such a finding the Court concludes that the consideration given for the purchase options was nominal and as such the agreements must be leases intended for security pursuant to Fla.Stat. § 671.201(37).

Notwithstanding this determination the Court, in further examining the provisions of the 'lease' agreements, finds that pursuant to the terms of such agreements the lessee has the following duties: the lessee must indemnify the lessor against all loss or damage caused by levy upon the equipment; lessee must pay for all parts ... of every kind needed or used in operating, repairing or renewing the leased equipment; lessee assumes all risks and liability whether or not covered by insurance and lessee shall hold lessor harmless from all losses, damages, claims, penalties and expenses; lessee must keep the equipment insured against all risks of loss (at a rate set by lessor) and lessee must carry public liability and property damage insurance; all insurance must be in a form and with companies approved by the lessor; lessee must pay all taxes and lessee must prepare and timely file all personal property tax returns. The 'Lease' further provides that in the event of default the lessor may sell the equipment and recover any deficiency from the lessee. This final provision recognizes the creation of an equity or pecuniary interest in the lessee. See *In Re Dunn Bros., Inc.,* 16 B.R. 42 at 45 (Bkrtcy.W.D.Va.1981). Upon the recognition of such an interest the parties are deemed as a matter of law to have intended the lease as security. *In Re Royer's Bakery, Inc.,* 1 U.C.C.Rep. 342 (E.D. Pa.1963), *In Re Mountain Carpet, Inc.,* 11 B.R. 729 at 73 (Bkrtcy.D.Vt.1979). Upon analysis of the above provisions the Court finds that the lessee has the indicia of ownership further supporting the conclusion that the 'lease' is one intended for security. Having made this finding the Court will now address the issues of perfection and taxation.

■ Equilease contends that the law of the State of New York should be applied to determine issues of perfection and taxation. As a general rule, "The law of the jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or unperfected" governs perfection of security interest. See Fla.Stat. § 679.103(1)(c) and Official Comment 3 to Fla.Stat. § 679.102. See also 29 *Fla.Jur.Supp.1983* p. 191 (Secured Transaction § 192). Questions of procedure [such as perfection] are governed by the law of the forum. *Scudder v. Union National Bank* 91 U.S. 406, 23 L.Ed. 245.

**326**

The Court finds that the equipment is located on debtor's premises in Florida and thus Florida law governs issues of perfection.

■ Similarly, questions of taxation are governed by the laws of the forum state. See 31A *Fla.Jur.* 394 (Taxation § 787) re. excise tax. In the case at bar, the requirements of Fla.Stat. 201.08 relating to taxation on written obligations to pay money applies to all such obligations executed, delivered, sold, transferred or assigned in the State of Florida and thus applies to the agreements herein.

■ Florida Statute 201.01 requires that "The documentary stamp taxes required under this chapter shall be affixed to and placed on all recordable instruments requiring documentary stamps according to law prior to recordation." U.C.C. Article 9 requires filing and recordation of security interests in commercial equipment. See: Fla. Stat. 679.302. The present agreements constitute recordable instruments requiring payment of documentary stamp (excise) taxation pursuant to Fla.Stat. § 201.01.

Florida Statute 201.08 requiring that documentary stamp tax must be paid on written obligations to pay money in the State of Florida applies to transactions covered by the U.C.C. See Fla.Stat. § 201.22. The equipment "leases" which have been found to be security agreements are, by their terms, obligations to pay money executed in the State of Florida. Florida Statute § 201.22 states that "The clerk or filing officer shall not accept for filing or filing and recording any financing statement under Chapter 679 unless there appears thereon the notation that the stamps required by this chapter have been placed on the promissory instruments secured by said financing statement..." thus failure to pay the documentary stamp tax (a condition precedent to recording) renders the filing of the financing statement ineffective and thus the security agreement is unperfected. See *Kotzen v. Levine,* 678 F.2d 140 at 141 (11 Cir.1982) stating that promissory notes were unenforceable unless the taxes due on the notes were paid.

The Court finds that the two agreements are leases intended as security and as such must comply with the Florida law relating to perfection and taxation. The Court further finds that Equilease, by failing to affix documentary stamps to the agreements, failed to comply with the applicable Florida law and as such its security interest is unperfected and its claim must assume the status of a general unsecured claim. The agreements herein, having been found to be unperfected security agreements, do not give the plaintiffs the right to repossess the equipment and accordingly the Complaint for Relief from Stay shall be denied.

A separate Final Judgment will be entered in accordance herewith.