In re Gregory and Kimberly
HOWELL, Debtors.

John E. VENN, Jr., Trustee, Plaintiff,

v.

HOWELL'S AUTO REPAIR CENTER,
INC., Defendant.

Bankruptcy No. 91–05355.
Adv. No. 92–8028.

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Sept. 29, 1993.

John E. Venn, Jr., Gulf Breeze, FL, for plaintiff.

Cory E. Peterson, Pensacola, FL, for defendant.

### ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard by the Court on the motions for summary judgment filed by both parties to this adversary proceeding. On April 3, 1992, John E. Venn, Jr., as

trustee in bankruptcy for the Debtors (the "Trustee"), filed a complaint seeking a determination of the character of a certain lease between the Gregory Howell and Howell's Auto Repair Center, Inc. ("Defendant"), and to the extent that the lease represents a financing arrangement, avoidance of any lien created by the lease pursuant to the trustee's "strong arm" powers of 11 U.S.C. § 544. The Defendant filed a motion for summary judgment which was granted on September 15, 1992 when the Trustee failed to respond. The Trustee subsequently filed a Motion for Rehearing and for Relief from Judgment wherein he contended the Defendant's Motion for Summary Judgment had not been served upon the Trustee. At a hearing held February 25, 1993, the Court vacated the Order Granting Summary Judgment, and directed the parties to prepare the case for trial within 60 days. At a subsequent status conference, the parties stipulated to having the matter decided on written motion. The Court granted the parties 10 days to submit appropriate motions and supporting legal memoranda. The Court, having now reviewed the parties' cross motions for summary judgment and accompanying memoranda, finds the lease in question to be in the nature of a financing arrangement rather than a true lease. Accordingly, the Trustee's Motion for Summary Judgment will be granted.

The facts underlying this adversary proceeding are largely undisputed. On July 8, 1991, Gregory Howell (the "Debtor") entered into a "Lease of Furniture, Removable Fixtures and Equipment" (the "lease") with the Defendant. The lease apparently involved substantially all of the furniture, equipment and tools of the Defendant's auto repair business and called for monthly lease payments of $779.00 over an 88 month term. The lease requires the Debtor to pay all applicable sales taxes as well as insurance premiums and other expenses incurred by the Defendant to protect his interest in the leased property. The lease identifies the Defendant as "Owner" in its preamble, but then refers to the Defendant as the "Seller" throughout the balance of the document.

Concurrent with the execution of the lease, the parties entered a "Conditional Sales Agreement" under which the Debtor purchased the business' good will and parts and supplies inventory of the business. The Conditional Sales Contract also granted the Debtor the option to purchase the furniture, equipment and tools described in the lease for total consideration of $1,000 within 30 days of the expiration of the lease. The Debtor presumably operated the auto repair business with the leased assets until the filing of a Chapter 7 petition on November 27, 1991.

The Trustee seeks declaratory judgment that the lease in question in fact evidences a financing arrangement between the parties. Both parties agree that if the Court finds the transaction to be a financing arrangement instead of a true lease, then any security interest in the furniture, equipment and tools created by the lease is avoidable by the Trustee pursuant to 11 U.S.C. § 544 due to the Defendant's failure to perfect its interest by filing a UCC–1 financing statement. Thus, the only issue to be decided by the Court is whether the lease evidences a financing or a true lease transaction.

■ The parties agree that the characterization of the lease is governed by the definitional provisions of the Uniform Commercial Code as codified by Florida. Florida Statute § 671.201(37) defines the term "security interest" to mean "an interest in personal property or fixtures which secures payment or performance of an obligation", and continues in relevant part:

Whether a lease transaction creates a lease or security interest is determined by the facts of each case; however:

(a) A transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee, and;

1. The original term of the lease is equal to or greater than the remaining economic life of the goods;

2. The lessee is bound to renew the lease for the remaining economic life

of the goods or is bound to become the owner of the goods;

3. The lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement; or

4. The lessee has an option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement.

(b) A transaction does not create a security interest merely because it provides that:

1. The present value of the consideration the lessee is obligated to pay the lessor for the right to possession and the use of the goods is substantially equal to or is greater than the reasonably predictable fair market value of the goods at the time the lease is entered into;

2. The lessee assumes the risk of loss of the goods or agrees to pay taxes; insurance; filing recording, or registration fees; or service or maintenance costs with respect to the goods;

3. The lessee has the option to renew the lease or to become the owner of the goods;

4. The lessee has an option to renew the lease for a fixed rent that is equal to or greater than the reasonably predictable fair market rent for the use of the goods for the term of the renewal at the time the option is to be performed;

5. The lessee has an option to become the owner of the goods for a fixed price that is equal to or greater than the reasonably predictable fair market value of the goods at the time the option is to be performed.

(c) For purposes of this subsection:

1. Additional consideration is not nominal if, when the option to renew the lease is granted to the lessee, the rent is stated to be the fair market rent for the use of the goods for the term of the renewal determined at the time the option is to be performed or if, when the option to become the owner of the goods is granted to the lessee, the price is stated to be the fair market value of the goods determined at the time the option is to be performed. Additional consideration is nominal if it is less than the lessee's reasonably predictable cost of performing under the lease agreement if the option is not exercised.

2. "Reasonably predictable" and "remaining economic life of the goods" are to be determined with reference to the facts and circumstances at the time the transaction is entered into.

3. "Present value" means the amount as of a date certain of one or more sums payable in the future, discounted to the date certain. The discount is determined by the interest rate specified by the parties if the rate is not manifestly unreasonable at the time the transaction is entered into; otherwise, the discount is determined by a commercially reasonable rate that takes into account the facts and circumstances of each case at the time the transaction was entered into.

*Fla.Stat.Ann. § 671.201 (West Supp.1993) (effective January 1, 1991).*

 The Defendant urges the Court to adopt an interpretation of this statutory language that essentially eliminates any consideration of the factors listed under § 671.-201(37)(b) when determining the nature of a lease. Such an interpretation is contrary to the clear, unmistakable language of the statute. The initial language of subsection (b) simply precludes a court from finding a lease to be a security interest merely because it contains one of the enumerated items. On the other hand, subsection (a) mandates a finding of a security interest if the lease contains a non-termination clause and one of the other provisions listed in that subsection. In this case, the lease does not contain an

express termination provision.[1] The compelling language in subsection (a) is therefore inapplicable in this case. However the cause is not lost since a court is free to determine whether a lease constitutes a security interest upon the review of any fact or circumstance relevant to the transaction. *Fla.Ann. Stat. § 671.201 (West Supp.1993). See also, In re Royal Food Markets,* 121 B.R. 913, 915 (Bankr.S.D.Fla.1990). Any relevant factor under subsection (b) may be considered in making this determination, although the statute makes clear that no single factor is itself determinative of the issue.

■■■ Many courts have surveyed the factors which are indicative of a lease transaction evidencing a security interest. *See, e.g., In re Airlift International, Inc.,* 70 B.R. 935 (Bankr.S.D.Fla.1987) (citing White & Summers, *Handbook of the Law of the Uniform Commercial Code* (2nd Ed.1980). As applied to this case, the following factors indicate the lease evidences a security interest:

1. Lessee is responsible for insuring the leased property;

2. Lessee bears the risk of loss or damage to the subject property, and bore risk of any liability arising from its use;

3. Lessee is responsible for the payment of all taxes associated the leased property;

4. Lessee is responsible for all maintenance and repairs of the leased property;

5. Default provisions of the lease are similar to those found in a typical financing arrangement;

6. The lease contains a remedy provision which is similar to those found in financing arrangements;[2]

7. The lease specifically excluded any warranties;

8. The term of the lease is equal to or greater than the remaining economic life of the leased property; and

9. The lessee has the right to purchase the leased property at the end of the lease term for nominal additional consideration.[3]

The Defendant argues that several factors indicate the lease does not evidence a financing arrangement, including:

1. The lessor was not in the business of providing financing;

2. The goods were not selected by a third party; and

3. The sum of the rental payments do not approximate the cost of the leased property.

■■■ Summary judgment is a procedural device used to avoid an unnecessary trial by allowing a court to dispose a case in those situations where the pleadings, depositions, answers to interrogatories and affidavits are

---

1. The trustee argues that the lease contains a provision which acts as a termination clause, however the clause merely permits the lessor to accelerate any amounts due under the lease upon a default. Thus, the clause is directed at a contractual right belonging to the lessor rather than the lessee. Termination clauses contemplated under § 671.201(37) address whether the lessee has a right to terminate a lease without further obligation and it is these rights which are not expressly addressed in the lease.

2. The lease contains the following paragraph: It is further agreed that in the event that suit is instituted by the Owner, its successors or assigns, to enforce the provisions of this contract, Renter agrees to the appointment of a receiver, during the pendency of the suit, as a matter of right and without reference to the adequacy or inadequacy of the value of the property, and such receiver, IF APPOINTED, SHALL RECEIVE THE RENTS, ISSUES AND REVENUES FROM THE USE AND OCCUPATION OF THE PROPERTY AND APPLY THEM UPON THE INDEBTEDNESS OF RENTER.

This type of remedy provision, which allows a credit for any rents from the subsequent re-lease of the subject property, has been found to be indicative of a security interest. *Royal Food,* 121 B.R. at 916.

3. The option to purchase the leased property is included in the companion Conditional Sale Contract. The Defendant has offered no authority which states the purchase option must be contained in the lease itself before it may be considered as a factor.

In addition, the Court concludes the consideration required to exercise the purchase option to be nominal since the payment of $1,000 is less than 2% of the total lease payments of $68,552. Moreover, consideration paid to exercise a purchase option is to be considered nominal if at the end of the lease, the only economically sensible course of action for the lessee is to exercise the option. *Royal Food Markets,* 121 B.R. at 915.

sufficient to eliminate any genuine issue of material fact. *In re D'Avignon,* 25 B.R. 838, 840 (Bankr.D.Vt.1982). Summary judgment should be granted only when the moving party has sustained the burden of demonstrating the absence of a genuine issue of material fact when viewing the evidence in a light most favorable to the opposing party. *Borg–Warner Acceptance Corp. v. Davis,* 804 F.2d 1580, 1583 (11th Cir.1986). The moving party must also demonstrate that it is entitled to judgment as a matter of law. *Combs v. King,* 764 F.2d 818, 826 (11th Cir.1986).

The Court's review of the cited factors leave an unmistakable impression that the lease was entered to effectuate a security interest in the leased property. Although there was no evidence as to the leased property's fair market value at the time the lease was entered or its useful life, the Court is convinced that a $1,000 purchase option[4] at end of a 88 month lease requiring total lease payments of $68,522 indicates the lease largely runs for the balance of the property's remaining useful life. The Debtor has the option to purchase the leased property for nominal consideration. The Debtor bears all of the responsibilities of ownership including insuring, maintaining, and repairing the property, paying any taxes associated with the property and accepting any liability arising from the property's use during the life of the lease. The Debtor accepted the leased property without regard to any warranties, and the lease agreement contains a default provision similar to those found in security instruments. Moreover, the lease contains a remedy provision which further indicates a security interest was created by the lease.

The fact that the Defendant is able to cite some factors commonly used by other courts which are either inapplicable or inconsistent with the Court's opinion as to the nature of the lease does not preclude the granting of summary judgement in this case. When viewing the evidence in a light most favorable to the Defendant, the Court is left with the unmistakable impression that the lease creates a security interest. The Court is convinced that there is no genuine issue of material fact to be determined, and that the Trustee is entitled to judgment as a matter of law. Accordingly, it is

ORDERED AND ADJUDGED that the Trustee's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED AND ADJUDGED that the Debtors' Motion for Summary Judgment is denied.

DONE AND ORDERED.

---

4. An affidavit of Roswell L. Howell included a statement that the $1,000 purchase option would approximate the leased property's fair market value at the end of the lease. A finding that the consideration paid for exercising a purchase option approximates the subject property's fair market value does not preclude a finding that the consideration is still nominal when reviewing all the facts and circumstances involved in the transaction. *See, In re AAA Machine Company, Inc.,* 30 B.R. 323, 325 (Bankr.S.D.Fla.1983).