[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16047
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00057-RS-CJK


ELIJAH JACKSON, JR.,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
JANE DOES, 1 - 100,
JOHN DOES, 1 - 100,
DOE, Entities 1 - 100,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 4, 2012)

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Elijah Jackson, Jr., a state inmate proceeding pro se and in forma pauperis, filed the present amended 42 U.S.C. § 1983 complaint in the Northern District of Florida against the Florida Department of Corrections ("DOC"), Kenneth Tucker, Secretary of the DOC, and many of the DOC's employees. He alleged six different claims, including, inter alia, that the DOC failed to implement voter rights reform, completely ban smoking in its prisons, comply with state minimum health care standards, implement conjugal visitation, maintain proper prison conditions, and implement renewable green-energy alternatives. The district court adopted the magistrate's recommendation to dismiss Jackson's suit under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for Jackson's abuse of the judicial process, because Jackson avowed in his prisoner complaint form that he never had a federal action dismissed prior to service when he, in fact, had at least one such prior action.[1] On appeal, Jackson argues that: (1) it was error for the magistrate to deny at least two of his motions to appoint

---

[1] Jackson filed the present amended complaint using a standard § 1983 prisoner complaint form in which he was required to answer a series of questions regarding his prior litigation in federal court, under penalty of perjury and after being warned that failure to disclose prior litigation could result in dismissal of his case. In response to a question on the form, Jackson indicated that he never had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. The magistrate, in recommending dismissal without prejudice as a sanction, found that at the time that Jackson initiated this suit, he had at least one civil action in federal court in the Middle District of Florida that had been dismissed prior to service, Jackson v. Aurora Loan Services, Inc.

2

counsel; (2) it was error for the district court to adopt the magistrate's report and, ultimately, dismiss his suit without prejudice; and (3) it was error for the district court to deny his post-judgment motions to reopen the case, for rehearing, and for certificate of appealability. After thorough review, we affirm.[2]

We review a refusal to appoint counsel for abuse of discretion. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). We review sanctions imposed pursuant to 28 U.S.C. § 1915 for abuse of discretion. Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997). However, where a party fails to file objections with the district court as to a magistrate's ruling on a nondispositive matter, he is deemed to have waived the issue and is precluded from raising objection to the magistrate's ruling on appeal. Farrow v. West, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003); see also Fed.R.Civ.P. 72(a). While their pleadings are to be liberally construed, pro se plaintiffs are not excused from complying with procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993). So, for example, although we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

---

[2] In addition, because Jackson's claims were dismissed wholly on a procedural basis with no inquiry as to their merits, appellant's motion for this Court to take judicial notice of Nat'l Fed'n of Indep. Bus., et al. v. Sebelius, et al., 567 U.S. ___, 132 S.Ct. 2566 (2012), is DENIED.

First, we are unpersuaded by Jackson's claim that the lower court abused its discretion in refusing to appoint counsel. Appointment of counsel in a civil case is not a constitutional right, and is only justified in exceptional circumstances. Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). Exceptional circumstances exist where, inter alia, the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Id.

Here, Jackson failed to file objections to the magistrate's denial of his motions to appoint counsel within 14 days of the magistrate's orders, as was required of him by Rule 72(a) in order to preserve any claim of error. As a result, he is precluded from challenging those orders on appeal. See Farrow, 320 F.3d at 1248 n.21. But even if Jackson had properly preserved the claim of error, the magistrate did not abuse his discretion in refusing to appoint counsel. The magistrate found that Jackson's claims were not sufficiently complex to warrant appointment, and that he had been intelligible and coherent in his filings with the court. With nothing in the record to contradict these findings, the refusal to appoint counsel was not an abuse of discretion.

Next, we find no merit to Jackson's argument that the district court abused its discretion in dismissing his case without prejudice. In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force

4

Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. Kotzen v. Levine, 678 F.2d 140, 140 (11th Cir. 1982). Under § 1915, a finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal. Attwood, 105 F.3d at 613. Moreover, we have previously held that dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated in part on different grounds by Jones v. Bock, 549 U.S. 199 (2007).

Where an order has the effect of precluding the plaintiff from refiling his claim due to the running of the statute of limitations, a dismissal without prejudice is tantamount to a dismissal with prejudice. Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Dismissal with prejudice is a drastic remedy to be used only where lesser sanctions are not appropriate. See id.

Here, the court did not abuse its discretion in dismissing Jackson's suit. The magistrate found, and court records show, that Jackson has had at least one federal action dismissed prior to service, Jackson v. Aurora Loan Services, Inc. Moreover,

5

court records show that he also had one additional case dismissed for failure to state a claim, Jackson v. Weiss, et al., a case he did disclose on his prisoner complaint form but not under the section inquiring whether he had a case dismissed for this reason. Under penalty of perjury, and knowing that failure to disclose these cases could lead to dismissal of his claims in the instant suit, Jackson failed to disclose them. It was not an abuse of discretion for the court to sanction him based on his omissions, especially since his claims were dismissed without prejudice, allowing Jackson opportunity to refile the same claims involved in the instant suit.

On appeal, Jackson does not argue that he was prejudiced by the dismissal beyond the prospect of filing a second lawsuit. For example, he does not argue that the statute of limitations will soon run on one or all of his claims, which would make a dismissal without prejudice tantamount to a dismissal with prejudice.

Nor does a review of his claims indicate whether Jackson would have difficulty refiling those same claims. Even assuming that private causes of action would lie for many or all of his claims, which is not clear, it is impossible to know from Jackson's filings or from the record when or in which prison the alleged violations occurred. As a result, it is likewise impossible to determine when his claims accrued and, therefore, whether he would have difficulty filing his claims again. Regardless, issues not briefed on appeal are deemed abandoned, a rule that applies with equal

6

force to pro se litigants. See Timson, 518 F.3d at 874. Accordingly, the district court did not abuse its discretion in dismissing Jackson's claims without prejudice.

Finally, we reject Jackson's claim that the district court erred in denying his post-judgment motions. To begin with, a notice of appeal must designate the judgment, order or part thereof from which the appellant takes his appeal. Fed. R. App. P. 3(c). If an order had not yet been entered when a notice of appeal was filed, the notice of appeal does not, and cannot, constitute an intent to appeal from that order. See McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986); see also Bogle v. Orange Cnty. Bd. of County Comm'rs, 162 F.3d 653, 661 (11th Cir. 1998) (stating that "Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed.").

As applied here, because the district court's order denying his motion to reopen the case and his motion for certificate of appealability was issued after his notice of appeal was filed, we lack jurisdiction to review that order. See McDougald, 786 F.2d at 1474. But even if jurisdiction were to exist, the refusal to reopen does not appear to constitute an abuse of discretion, as we've explained above. Further, the denial of a certificate of appealability ("COA") was appropriate because Jackson did not show

7

that he was denied a constitutional right.  <u>See</u> <u>Jackson v. Crosby</u>, 437 F.3d 1290, 1294-95 (11th Cir. 2006).  Accordingly, we affirm.

**AFFIRMED.**