Kunle Ogundele, Law Offices of Kunle Ogundele, LLC, Atlanta, GA, for Petitioner

Elizabeth Robyn Chapman, Laura Halliday Hickein, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, OIL, Office of Immigration Litigation, Washington, DC, Alfie Owens, DHS/ICE Office of Chief Counsel—ATL, Atlanta, GA, for Respondent

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bruce Sotonye Gogo petitions for review of an order affirming the denial of his motion to reopen. The immigration judge denied Gogo's motion as untimely and refused *sua sponte* to reopen his removal proceedings. We dismiss Gogo's petition.

We lack jurisdiction to review Gogo's petition. Gogo argues that he was entitled to tolling of the period to file his motion because of a delay attributable to violating the order to depart voluntarily, but Gogo did not present that argument to the immigration judge or in his appeal to the Board. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We also lack jurisdiction to review the refusal of the immigration judge to reopen *sua sponte* its removal proceedings. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008). Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), our jurisdiction extends only to colorable constitutional claims, which are those that have "some possible validity." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007). Gogo "has no constitutionally protected interest in purely discretionary forms of relief," like having his case reopened, that would implicate his right to due process, so

we lack jurisdiction to review his petition. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

We **DISMISS** Gogo's petition.

**Adrian JENKINS, Plaintiff-Appellant,**

v.

**Unit Manager Joseph HUTCHESON, Warden Standley Williams, Defendants-Appellees.**

**No. 16-16464**
**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(January 11, 2018)

Adrian Jenkins, Pro Se

Samuel Scott Olens, Attorney General's Office, Atlanta, GA, for Defendants-Appellees

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Adrian Jenkins, a state prisoner proceeding pro se, appeals the district court's dismissal of his complaint without prejudice for failure to fully disclose all of his prior lawsuits on the complaint form. He argues that his omission was merely a

mistake and he should have been granted leave to amend his complaint. After careful review, we affirm.

We review for abuse of discretion a district court's sua sponte dismissal under § 1915. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). We also review for abuse of discretion a district court's decision to impose sanctions under its inherent power, determining whether the district court applied the wrong legal standard or made clearly erroneous findings of fact. In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006). A district court's decision regarding leave to amend is also reviewed for abuse of discretion. Troville v. Venz, 303 F.3d 1256, 1259 (11th Cir. 2002). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (quotations omitted). We construe pro se briefs liberally, but pro se litigants nonetheless must conform to procedural rules. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). A pro se litigant abandons arguments he does not raise on appeal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

A court has "the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras, 465 F.3d at 483. Dismissal is warranted when the district court finds "that the plaintiff engaged in bad faith litigiousness or manipulative tactics." Attwood v. Singletary,

105 F.3d 610, 613 (11th Cir. 1997). A dismissal without prejudice generally is not an abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that, because the case was dismissed without prejudice, it could not say that the district court abused its discretion). A dismissal without prejudice should be allowed absent some plain prejudice beyond the mere prospect of having to re-file the lawsuit. Kotzen v. Levine, 678 F.2d 140, 140 (11th Cir. 1982).

Here, the district court did not abuse its discretion in dismissing Jenkins's complaint without prejudice. According to the record, Jenkins listed five of his prior lawsuits, but failed to disclose two others. The district court reasoned that requiring prisoners to disclose prior lawsuits was important to enable courts to (i) apply the "three strikes rule," under 28 U.S.C. § 1915(g), for prisoners proceeding in forma pauperis; and (ii) dispose of successive cases that relitigate old matters. Thus, the district court concluded that Jenkins had misrepresented his litigation history, and dismissed the case without prejudice due to his lack of candor.

On this record, the district court was entitled to dismiss his complaint based on his failure to fully disclose his litigation history. See Zocaras, 465 F.3d at 483; Attwood, 105 F.3d at 613; see also Albra, 490 F.3d at 829. Moreover, Jenkins has not shown that the dismissal prejudiced him in any way beyond requiring him to re-file the complaint with the errors corrected. See Dynes, 720 F.2d at 1499; Kotzen, 678 F.2d at 140.[1] We recognize that nothing in

---

1. Notably, Jenkins did not argue below, and does not argue on appeal, that the dismissal was tantamount to a dismissal with prejudice, because of, for example, the statute of limitations or any other reason. See Justice v. United States, 6 F.3d 1474, 1482, 1482 n.15 (11th Cir. 1993). And based on our review of the record, it is unclear whether Jenkins will run into any statute of limitations problems when he re-files his complaint. See Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (holding that the statute of limitations for bringing § 1983 claims in Georgia is two years). Regardless, because he did not make this argu-

the record indicates that Jenkins intentionally omitted the cases and that allowing him to amend his complaint may have been an appropriate solution. Nevertheless, the district court's dismissal without prejudice was within the district court's range of choices for addressing the omissions, and did not amount to an abuse of discretion. See Zocaras, 465 F.3d at 483; Troville, 303 F.3d at 1259. Accordingly, we affirm.

**AFFIRMED.**

ment, it is abandoned. Timson, 518 F.3d at 874.