[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13683
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00003-WLS

WALONA HEATH,

Plaintiff-Appellant,

versus

TERRELL COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 12, 2020)

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Walona Heath, proceeding pro se, appeals the district court's order dismissing without prejudice her complaint, as supplemented, alleging a gender-based hostile work environment claim against her former employer, the Terrell County School District ("School District"), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5.  We affirm.

## I. BACKGROUND

In 2018, Heath filed the present pro se lawsuit against her former employer, the School District, alleging a violation of Title VII in relation to her termination. Heath stated that the School District's Superintendent, Robert Aaron, "issued [her] an unfavorable decision concerning [her] employment," which resulted in the loss of her job and home, her "kids . . . being picked on through the school system," and her being unable to "attend [her] kids['] game because of fear of the person in question."  She sought $100,000 in damages for pain and suffering.  She also attached a decision by the Equal Employment Opportunity Commission to close the charge she previously had filed against the School District because it was unable to establish that the information she provided resulted in any statutory violations.

Heath moved for leave to proceed *in forma pauperis* ("IFP"), which the district court granted.  The district court, however, also reviewed Heath's complaint *sua sponte* prior to service of process.  It determined that, while Heath

2

brought her action under Title VII, she failed to explain how the School District violated that statute because she did not state what the School District's "unfavorable decision" entailed or on what unlawful basis she was being discriminated against; accordingly, the court ordered Heath to supplement the statement of her claim in her complaint to include particular facts alleging a Title VII violation. Heath responded by supplementing her complaint and stated that she was discriminated against because of her gender and was retaliated against for filing a sexual harassment complaint.

The district court accepted Heath's supplemental information and ordered that the School District be served with a copy of her complaint, as supplemented. The court also advised Heath that she was responsible for diligently prosecuting her complaint and failure to do so could result in dismissal under Federal Rule of Civil Procedure 41(b). The School District answered, denied liability, and asserted certain defenses.

Thereafter, the district court entered two orders. The first order, an initial scheduling and discovery order, directed the parties, in relevant part, to "act expeditiously and in good faith to complete discovery as scheduled." The second order, issued in October 2018, stated that Heath had sent the court a letter concerning a dispute between her and the School District; the court advised her that such an *ex parte* communication was prohibited by the court's local rules. The

3

court explained to Heath that she could "file any appropriate motion pursuant to the Rules of Civil Procedure and this [c]ourt's Local Rules," but she had to "attach a certificate of service to all filings; a statement of facts alone [was] not sufficient."

After attempting to conduct discovery, the School District moved to dismiss Heath's complaint; it argued that she was failing to prosecute her case by not (1) adequately responding to its discovery requests, (2) providing it with discoverable information, and (3) complying with the Federal Rules of Civil Procedure. The School District also filed a memorandum of law in support of its motion. It first contended that Heath engaged in the spoliation of electronically stored evidence, namely text messages and phone records contained on her cellphone. According to the School District, Heath should have preserved that evidence because it related to her claims, she actively failed to do so, and she deprived the School District of the use of that key evidence. Second, the School District argued that Heath failed to comply with the court's discovery order. It also contended that she failed to diligently prosecute her case by refusing to produce evidence that she claimed was in her possession and by not serving written discovery requests of her own.

The district court provided Heath with a notification of the School District's motion to dismiss and informed her that failure to respond and rebut the legal arguments that the School District set forth could result in those statements being accepted as correct. Heath opposed the School District's motion to dismiss and

4

denied purposefully withholding information from the School District. The School District replied that Heath provided no legal basis for opposing its motion, and her complaint, as supplemented, should be dismissed.

The district court granted the School District's motion to dismiss. It determined that Heath failed to prosecute her claims because she did not serve the School District with any written discovery requests in an effort to obtain evidence to prove her case, and she either could not locate or refused to turn over the only piece of evidence that could support her claims. The court also determined that Heath failed to comply with federal and local rules by not timely responding to the School District's requests to produce the cellphone and notebook, as required under Federal Rule of Civil Procedure 34(b), and by disregarding the court's local rules prohibiting *ex parte* communication. Lastly, the court found that Heath failed to comply with its scheduling and discovery order directing the parties to "act expeditiously and in good faith to complete discovery" because she did not produce the cellphone and notebook before discovery expired, despite her promises to do so and the School District's repeated efforts. The district court concluded that "Heath clearly delayed prosecuting her case and complying with federal rules, local rules, and [its] orders." Thus, it dismissed her Heath's claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

5

The court entered a final judgment in September 2019.  Heath did not immediately appeal; instead, she moved for reconsideration a few days later.  However, before the court could rule on her motion, nine days later, Heath filed a notice of appeal designating the final judgment for review.  In an order entered on October 8, 2019, the district court denied Heath's motion for reconsideration because she did not allege any intervening change in law and did not present new evidence that necessitated reconsideration.  Heath did not file a new notice of appeal designating the denial of her motion for reconsideration.

## II. DISCUSSION

On appeal, Heath argues that the district court's dismissal was erroneous.  She does not, however, expressly challenge the district court's determinations that she failed to: (1) prosecute her claims; (2) comply with federal and local court rules; and (3) comply with the court's scheduling and discovery order.

When appropriate, we will review a Federal Rule of Civil Procedure 41(b) dismissal for abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  We also liberally construe pro se pleadings.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Nevertheless, the district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)

(quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Moreover, issues not briefed on appeal by a pro se litigant are deemed abandoned. *Timson*, 518 F.3d at 874. An issue is abandoned where the party does not plainly and prominently raise it, or where she makes only passing references to it in her "statement of the case" or "summary of the argument" and fails to advance arguments or cite authority establishing that those holdings were in error. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Additionally, an issue is abandoned when references to it are no more than conclusory assertions or are "mere 'background' to the appellant's main arguments or when [it] is 'buried' within those arguments." *Id.* at 682.

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, a local rule "should not serve as a basis for dismissing a pro se civil rights complaint where . . . there is nothing to indicate plaintiff ever was made aware of [the local rule] prior to dismissal." *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982). "Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). " While dismissal is an extraordinary remedy, dismissal upon

disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, a dismissal without prejudice does not qualify as an abuse of discretion, so long as the only prejudice to the plaintiff is the prospect of filing a second lawsuit. *Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir. 1982).

Heath fails to challenge, on appeal, the grounds relied upon by the court in its dismissal order, i.e., that she failed to: (1) prosecute her case, by serving the School District with any written discovery requests, (2) comply with federal and local rules, by timely responding to the School District's requests to produce the cellphone and notebook, and with the court's rules, by avoiding *ex parte* communications, and (3) comply with the court's scheduling and discovery order. Heath was required to properly challenge these grounds to avoid abandonment; however, even construing her brief liberally, she fails to do so. *See Sapuppo*, 739 F.3d at 680. She does not raise any argument or cite any authority as to her failure to produce evidence, her *ex parte* communication, or her failure to prosecute. *See id.* at 681. She simply concludes that she was terminated in retaliation for complaining of sexual harassment. *See id.* at 682. Similarly, she does not raise any challenge to the denial of her motion for reconsideration. *See id.* Accordingly, Heath has abandoned those grounds on appeal. *See id.*

8

Furthermore, even if Heath is deemed to have implicitly preserved challenges in the preceding respect, the district court did not abuse its discretion in dismissing her complaint, as supplemented.  She did not serve the School District with any written discovery requests or otherwise attempt to obtain evidence to prove her case, and she repeatedly failed to produce the correct cellphone and notebook, despite her promises to do so and the School District's multiple requests. Additionally, she failed to comply with Federal Rule of Civil Procedure 34(b) by not timely responding to the School District's production requests, despite receiving an extension to do so.  She similarly failed to comply with the district court's local rules regarding *ex parte* communication by sending the court a letter alleging abuse by the School District.  Lastly, she did not comply with the court's scheduling and discovery order to "act expeditiously and in good faith complete discovery."  The district court warned her that a failure to respond to the School District's production requests and diligently prosecute her complaint could result in dismissal, and the School District reminded her several times of her obligation to produce the cellphone and notebook.  *See Moon*, 863 F.2d at 837; *Mitchell*, 682 F.2d at 887.  Thus, the district court did not abuse its discretion in dismissing her complaint without prejudice.  *See Kotzen*, 678 F.2d at 140.

**AFFIRMED.**

9