[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14573

Non-Argument Calendar

_____

JERLARD DEREK REMBERT,

Plaintiff-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01577-VMC-AAS

_____

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jerlard Rembert appeals from the district court's order dismissing his complaint alleging violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983, for failing to properly serve the Florida Attorney General. Rembert argues that he abided by Federal Rule of Civil Procedure 4(j)(2)(B) because he sent two copies of his notice of lawsuit, waiver of summons, and the complaint by certified mail and served by special process server, to Florida Attorney General Ashley Moody. Rembert further argues that he sent one copy of the notice of lawsuit, waiver of summons, and the complaint to the assistant state attorney in Tampa, Florida, which is where he filed his lawsuit. After reviewing the record and reading the parties' briefs, we affirm the district court's order of dismissal.

## I.

We review for abuse of discretion a district court's order dismissing without prejudice a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m). *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). Under the abuse-of-discretion standard, we will reverse only upon finding that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). Generally, a dismissal without

prejudice does not constitute an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that a dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Absent some plain prejudice other than having to re-file the lawsuit, such dismissals should be allowed. *Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir. 1982).

## II.

Under Rule 4, a plaintiff must serve a summons and copy of his complaint to each defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(c), 4(m). If service is not effectuated within 90 days, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*

A state that is subject to suit may be served by delivering a copy of the summons and complaint to its chief executive officer. Fed. R. Civ. P. 4(j)(2)(A). Under Florida law, Florida's chief executive officer is the governor. Fla. Const., art. IV, § 1(a). Moreover, states subject to suit may be served by delivering a copy of the summons and complaint in the manner prescribed by the state's law for serving a summons upon a defendant. Fed. R. Civ. P. 4(j)(2)(B). Under Florida law, process against the state must be served on the state attorney or an assistant state attorney for the judicial circuit

within which the action is brought, "and by sending two copies of the process by registered or certified mail to the [Florida] Attorney General." Fla. Stat. Ann. § 48.121. Andrew Warren is the State Attorney for the Thirteenth Judicial Circuit of Florida, which encompasses Tampa, Florida, and Ashley Moody is the current Florida Attorney General. *Andrew H. Warren Office of the State Attorney 13th Judicial Circuit*, https://www.sao13th.com (last visited Dec. 13, 2021); *Office of Attorney General Ashley Moody*, https://myfloridalegal.com (last visited Dec. 13, 2021).

### III.

The record here demonstrates that the district court did not abuse its discretion when it dismissed without prejudice Rembert's § 1983 claim for failure to timely serve process on the state. The district court extended twice the deadline for Rembert to perfect service and entered three detailed orders informing Rembert why his previous attempts at service were deficient. The district court also comprehensively explained to Rembert the proper way to effectuate service on the State of Florida. Although the district court gave Rembert explicit instructions on how to properly effect service on the state and extended Rembert's deadline twice, Rembert failed to comply with the rules regarding service on the state. Accordingly, for the aforementioned reasons, we affirm the district court's order dismissing Rembert's complaint.

**AFFIRMED.**